COUNTY OF BUTTE, a Public
Entity, Appellant,

v.

SOUTH DAKOTA STATE BOARD OF
EQUALIZATION, Respondent.

No. 12019.

Supreme Court of South Dakota.

Argued April 25, 1977.

Decided Feb. 22, 1978.

Horace R. Jackson of Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, William Delaney, III, State's Atty., Butte County, Belle Fourche, for appellant.

John P. Dewell, Asst. Atty. Gen., for respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

MORGAN, Justice.

This is a companion case to the case of *Hot Springs Independent School District v. Fall River Landowners Ass'n*, S.D., 262 N.W.2d 33, Opinion filed January 25, 1978. Although this case arose in a different fashion, the basic issue as presented by the appellant is the same; that is, whether the Department of Revenue, through the county directors of equalization, is in compliance with SDCL 10–6–33.1 when it fails to value agricultural land solely on the basis of capitalization of return.

In 1974 and again in 1975 the State Board of Equalization (State Board) in conformity with SDCL 10–11–47(3) had raised the valuation of certain lands in Butte County identified as "Abstract Item A" (and being agricultural lands outside the corporate limits of any municipality) by ten percent and six percent respectively over the assessments as approved by the County board. The county

appealed both of these actions to the circuit court, and upon agreement, the appeals were consolidated. The parties in addition to stipulating certain evidence and agreeing that the facts were not in dispute stipulated that the issues to be decided by the trial court were:

(a) Did the State Board lack jurisdiction to raise real property values in Butte County in 1975 in view of the appeal pending on the 1974 valuation increase?

(b) To what extent does SDCL 10–6–33 through SDCL 10–6–33.4 permit or require the use of market sales data in arriving at full and true and taxable valuations as those sections were in effect in 1974 and 1975, with respect to the appeal of those years?

(c) Did the State Board correctly apply SDCL 10–11–47(3) to real property values in Butte County as the same had been equalized by the Butte County Board of Equalization in 1974 and 1975?

■ In response to the first issue, the trial court concluded as a matter of law that the State Board did not lack jurisdiction to raise the property values in 1975 in spite of an appeal pending on the 1974 valuation increase. In response to the third issue, the trial court further found that the State Board correctly applied SDCL 10–11–47(3) and as to the second issue, which the trial court considered the main thrust of the appellant's case, it concluded that Chapter 79, Session Laws of 1970, (now codified as 10–6–33.1) does not preclude or prohibit the consideration of market value and that comparable sales are a factor that the taxing authorities could consider under said enactment; and, accordingly, entered judgment sustaining the action of the State Board. We affirm its decision.

While the state contends that the action of the State Board under SDCL 10–11–47(3) is simply a ministerial act, the appellant urges that it is necessary that there be a valid assessment of the counties to the level of which the State Board intends to raise the assessed values in the county in question before it has authority to proceed under 10–11–47(3). Appellant then proceeds to attack the Department of Revenue's method of valuation of agricultural land, claiming that it is entirely based on sales as opposed to capitalization of return, which latter basis appellant contends is intended by SDCL 10–6–33.1 to be the sole basis of valuation. This is the only issue raised by the assignments of error and briefed and argued on appeal.

■ The Hot Springs Independent School District case and this case were argued consecutively on the same argument date, counsel for the appellant being the same in both cases. We were therefore aware of this case when we handed down our opinion in the Hot Springs Independent School District case, wherein we rejected appellant's argument that the legislature by enacting SDCL 10–6–33.1, as subsequently amended in 1975, intended that the valuation of agricultural land be based solely on capitalization of return. Accordingly, we agree with the conclusions of the trial judge in this respect and affirm his judgment.

All the Justices concur.